UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 10-cr-18-pp

STEVEN JAMES COFFEE,

    Defendant.

**ORDER CONDITIONALLY GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. NO. 81)**

On March 16, 2011, Judge Charles N. Clevert, Jr. sentenced the defendant to serve seventy-eight months in custody, following his plea to fraud charges stemming from his use of his car dealership to obtain millions of dollars in fraudulent bank loans. Dkt. Nos. 74, 75. Despite the fact that this was a white-collar offense, the defendant's behavior pre-charging was such that the court ordered him detained in local custody. Dkt. No. 6. Judge Clevert imposed a five-year term of supervised release to follow the sentence of incarceration. Dkt. No. 75.

The defendant began his five-year supervised release term on March 31, 2015. On June 4, 2018, he filed a motion, asking the court to terminate his supervised release early—at this point, one year and nine months early. Dkt. No. 81. The defendant's five-page motion recounted the defendant's journey from feeling that he had been punished too harshly to concluding that, despite

the terrible experience of being incarcerated, it had been an experience that had taught him positive life lessons. The defendant describes the positive steps he took while in custody—acting as a barber and a tutor in jail, re-discovering his Catholic faith, becoming involved in the K9 Training Program (to the point that he has continued to help train service dogs while on supervised release, and adopted the dog with whom he worked while in custody), creating a veteran's program that has become a pilot for other BOP facilities. He explains the struggle he encountered trying to find work after release, and how he and his wife (with the help of the defendant's probation officer) created a new painting business, which has prospered and grown. He details the community service work he has done as an assistant Scout master, youth hockey coach and volunteer barber for disabled veterans. He also explains how he has been trying to pay as much as possible toward his restitution, recently paying more than the amount provided for in the judgment. Finally, the defendant explains that he is asking for early termination because being on probation is standing in the way of his being a high school hockey coach, volunteer firefighter and licensed home inspector.

It is not unusual for the court to receive requests for early termination of supervised release. Often, a defendant explains that she believes she is entitled to early termination because she has not violated any of her release conditions. Sometimes, a defendant explains that he *did* violate the conditions of his release early on, but that he's got things under control now. Often, defendants will tell the court that they are asking for early termination because they want

to be in charge of their own lives, rather than having to report to probation. The court often has to explain to defendants that early termination of supervised release is unusual. While the court has broad discretion to terminate supervised release if certain circumstances exist, it is not enough for a defendant comply with the conditions the court has imposed. Defendants are required to comply with the conditions of their supervised release—those conditions constitute both court orders and part of the defendant's punishment. So simply coming to the court and saying, "Look—I am doing what you told me to do! Please terminate my release early" rarely, if ever, results in early termination.

For this same reason, it is not unusual for the government to object to a defendant's request for early termination of supervised release. The government frequently reminds the court that simple compliance is not enough, or that the defendant hasn't been as compliant as she says she has been, or shares with the court that the defendant has done only the minimum expected.

So it is unusual when the court receives a request from a defendant who not only has complied with the conditions of his release, but who has gone above and beyond what is required. And it is even more unusual when the government *supports* a defendant's request for early termination. This appears to be one of those unusual cases. Both the probation department and the government have provided the court with extremely positive information about the defendant's adjustment to supervision. Both corroborate the defendant's efforts repay his restitution, noting that he has been paying more than required

since the end of last year, and that he has indicated that he will start paying more this summer. Both note his extensive community work. Both note the rather remarkable success that of his wife's business (which he helps run and operate). Probation adds one other detail: since his release, the defendant has taken responsibility for his role in his conviction and sentencing, and has worked hard to focus his efforts on his family and his community, rather than on himself. Probation describes the defendant as having made "great strides" in every facet of his community service, and as going "above and beyond expectations" while on supervised release.

The only caveat the government and probation include is that, because the defendant still owes a significant amount of restitution, the government's Financial Litigation Unit is working with the defendant to prepare and execute a restitution agreement, providing for terms and conditions for the defendant to continue making payments toward the restitution. The government and probation anticipate that they can complete that agreement by July 15, 2018; if not, they will notify the court and seek an extension of supervision.

The court congratulates the defendant on doing something that many defendants struggle to do: turning his life around. It appears that the defendant has become the kind of community member, employee, father, husband and person that anyone might aspire to be. The court is pleased to grant the defendant's motion, effective July 15, 2018, on the condition that he execute the restitution continuation agreement with the government.

The court **GRANTS** the defendant's motion for early termination of supervised release, effective **July 15, 2018**. Dkt. No. 81. If the parties are not able to complete an agreement by that date, the government and probation may notify the court and seek an extension.

Dated in Milwaukee, Wisconsin this 2nd day of July, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**